UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER ULRICH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SMITH HAVEN CHRYSLER,<br><br>Defendant. | NO.<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>DEMAND FOR JURY |

Plaintiff Christopher Ulrich, by his undersigned counsel, for this class action Complaint against Defendant Smith Haven Chrysler, and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "Defendant" or "Smith Haven"), alleges as follows:

## I. INTRODUCTION

1. <u>Nature of Action</u>. Plaintiff, individually and as a class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## II. PARTIES

2. Plaintiff Christopher Ulrich is a citizen of the State of New York and resides in Nassau County.

3. Defendant is a corporation with its principal place of business in St. James, New York. Smith Haven is registered to do business, and does business, in New York.

## III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

1

5. This Court has personal jurisdiction over Defendant because it does business in the State of New York, and the wrongful acts alleged in this Complaint were committed in New York.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

9. The TCPA also makes it unlawful for any entity to send more than one text message in a 12-month period to any number that is registered with the National Do-Not-Call Registry or that entity's company specific do-not-call list. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) & (d). The TCPA provides a private cause of action to persons receiving such texts in violation of 47 U.S.C. § 227(c)(5).

10. The Federal Communication Commission promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

11. The FCC confirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of

either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).

## V. FACTUAL ALLEGATIONS

12. Defendant Smith Haven is an automobile dealership located on Long Island. Part of Defendant's strategy for increasing sales involves the use of an automatic telephone dialing system ("ATDS") to send text messages to solicit business.

13. Defendant sends text messages using ATDS equipment and software to cellular telephones whose owners have not provided prior express consent to receive such texts ("Spam Texts"). Mr. Ulrich received such text messages without providing any type of prior consent.

### A. Factual Allegations Regarding Mr. Ulrich

14. Beginning in or around March of 2017, Mr. Ulrich began receiving Spam Text messages on his cellular telephone from, or on behalf of, Defendant.

15. The Spam Text messages were from the phone number 631-315-2427 and consisted of invitations to visit Smith Haven to purchase a vehicle. Examples of the Spam Texts are below:

Case 2:17-cv-06959-ADS-AKT   Document 1   Filed 11/29/17   Page 4 of 11 PageID #: 4



•••• AT&T M-Cell 📶     4:48 PM

< 42                    +1 (631) 315-2427

Sat, Jun 17, 4:23 PM

> HI its JJ here from the smith haven auto group ! Did you hear that we are home of the real deal? well come and see for yourself! call me to set apt
> 6315322843

Thu, Jun 22, 3:02 PM

> J here Huge Savings at Smithhaven and end of month sales Beginning. are you interested in getting a great deal on a new Vehicle?
> 631-532-2843

Wed, Jun 28, 7:16 PM



••••• AT&T M-Cell 🛜     4:48 PM

  

+1 (631) 315-2427

> MONTH !! BIG SAVINGS CALL ME 631-532-2843 !!!!!!!!!! ASK FOR JJ

Mon, Jul 17, 8:34 PM

> JJ here from smith haven>did you hear about all the savings at smith haven>call me 631-532-2843 ask for JJ

Fri, Jul 28, 4:38 PM

> HI it JJ its the big push to the end of the month and there only 4 days left!get a end of the month at the home of the real deal!call me to set apt631-532-2843

5

16. The Spam Text messages direct the recipient to call 631-532-2843, which is Smith Haven's telephone number.

17. Mr. Ulrich did not provide prior express written consent to receive Spam Text messages on his cellular telephone from, or on behalf of, Defendant.

18. Mr. Ulrich has received at least 11 Spam Text messages on his cellular telephone from, or on behalf of, Defendant.

19. Defendant is responsible for sending the above-described Spam Text messages.

20. Defendant has sent a significant number of Spam Text messages to persons in New York and throughout the United States.

21. Defendant intends to continue to send similar Spam Text messages to persons in New York and throughout the United States.

## VI.   CLASS ACTION ALLEGATIONS

22. <u>Class Definition</u>. Pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), Plaintiff brings this case as a class action on behalf of the following class (the "Class" or "Spam Text Class"):

> <u>The Spam Text Class</u>: All persons in the United States who: (a) received a text message sent by Defendant and/or a third party acting on Defendant's behalf; (b) promoting Defendant's goods or services; (c) on their cellular telephone line; (d) that were sent using an automatic telephone dialing system; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

Excluded from Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors.

23. <u>Numerosity</u>. The Class is so numerous that joinder of all members is impracticable. On information and belief, the Class has thousands of members.

6

24. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

 a. Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated 47 U.S.C. § 227(b)(1)(A)(iii) by sending unsolicited text messages to the cellular telephone numbers of Mr. Ulrich and the Spam Text Class;

 b. Whether Defendant is liable for third parties sending unsolicited text messages promoting Defendant's products and/or services made by Defendant's affiliates, agents, and/or other persons or entities acting on Defendant's behalf;

 c. Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A)(iii) by sending text messages to the cellular telephone numbers of Mr. Ulrich and the Spam Text Class, thus entitling Mr. Ulrich and the Spam Text Class to up to treble damages; and,

 d. Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf should be enjoined from violating the TCPA in the future.

25. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

26. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

27. <u>Predominance</u>. Defendant has engaged in a common course of conduct toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

28. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the text messages at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

29. <u>Injunctive and Declaratory Relief Appropriate</u>. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis. Moreover, on information and belief, Plaintiff allege that the text messages sent by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not issued.

### VII. FIRST CLAIM FOR RELIEF
**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – On Behalf of the Spam Text Class)**

30. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

31. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

8

violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by sending unsolicited commercial text messages to the cellular telephone numbers of Mr. Ulrich and members of the Spam Text Class.

32. As a result of Defendant's (and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf) violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), Mr. Ulrich and members of the Spam Text Class presumptively are entitled to an award of $500 in damages for each Spam Text, pursuant to 47 U.S.C. § 227(b)(3)(B).

33. Mr. Ulrich and members of the Spam Text Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by sending unsolicited commercial text messages to cellular telephone numbers in the future.

### VIII. SECOND CLAIM FOR RELIEF
**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – On Behalf of the Spam Text Class)**

34. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

35. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by sending unsolicited text messages to the cellular telephone numbers of Mr. Ulrich and members of the Spam Text Class.

36. As a result of Defendant's (and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf) knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), Mr. Ulrich and members of the Spam Text Class are entitled to damages of up to $1,500 for each and every text call, pursuant to 47 U.S.C. § 227(b)(3).

37. Mr. Ulrich and members of the Spam Text Class are also entitled to injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by sending unsolicited commercial text messages to cellular telephone numbers in the future.

## IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of the members of the Spam Text Class, prays for judgment against Defendant as follows:

A. Certification of the proposed Class;

B. Appointment of Mr. Ulrich as the representative of the Class;

C. Appointment of Mr. Ulrich's counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the Class of damages and treble damages as allowed by the TCPA;

G. An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## X.   DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this ___ day of October, 2017.

LEEDS BROWN LAW, P.C.

By: _____

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel : (516) 873-9550
Fax: (516) 747-5024

*Attorneys for Plaintiff and the Class*

-and-

Adam Gonnelli
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York 12601
Tel: (845) 483-7100
Fax: (888) 749-7747

*Attorneys for Plaintiff and the Class*